#### Mortgage—Fraudulent Preference.

*In re* B. F. ALLEN. This case was decided by the supreme court of the United States at the October term, 1881. Mr. Justice *Woods* delivered the opinion of the court, affirming the decree of the circuit court.

Except as forbidden by the bankrupt law, a debtor has the right to prefer one creditor over another, and the vigilant creditor is entitled to the advantages secured by his watchfulness and attention to his own interests. Neither can it be denied that the mere failure to record a mortgage is not a ground for setting it aside for the benefit of subsequent creditors, who have acquired no specific lien on the property described in the mortgage. But where a mortgagee, knowing that his mortgagor is insolvent, for the purpose of giving him a fictitious credit, actively conceals the mortgage, which covers the mortgagor's entire estate, and withholds it from the record, and while so concealing it represents the mortgagor as having a large estate and unlimited credit, and by these means others are induced to give credit to the mortgagor, who fails and is unable to pay the debts thus contracted, the mortgage will be declared fraudulent and void at common law, whether the motive of the mortgagee be gain to himself or advantage to his mortgagor. It is not enough, in order to support a settlement against creditors, that it be made for a valuable consideration. It must be also *bona fide.* If it be made with intent to hinder, delay, or defraud creditors, it is void as against them, although there may be in the strictest sense a valuable, or even an adequate, consideration.

A. P. Hyde and Coles, Morris & Nourse, for appellants.

Bisbee & Ahrens and J. S. Polk, for appellee.

The cases cited in the opinion were: That a preference may be void although there be a valuable or even adequate consideration. Twyne's Case, 3 Coke, 81; Holmes v. Penney, 3 Kay & J. 99; Gragg v. Martin, 12 Allen, 498; Brady v. Briscoe. J. J. Marsh. 212; Bosman v. Draughn, 3 Stew. 343; Farmers' Bank v. Douglass, 11 Smedes & M. 469; Root v. Reynolds, 32 Vt. 139; Kempner v. Churchill, 8 Wall. 362. A deed may become fraudulent by concealment; Hungerford v. Earle, 2 Vern. 260; Hildreth v. Sands, 2 Johns. Ch. 35; Scrivener v. Scrivener, 7 B. Mon. 374; Bank of U. S. v. Hineman, 6 Paige, 526; as by withholding deed from record; Coates v. Geriach, 44 Pa. St. 43; Hilliard v. Cagle, 46 Miss. 309; Gill v. Griffith, 2 Md. Ch. 270; Hafner v. Irwin, 1 Ired. 490; Hildeburn v. Brown, 17 B. Mon. 779; Neslin v. Wells, 25 Alb. Law J. 249; Worseley v. De Mattos, 1 Burr. 467; Tarback v. Marbury, 2 Vern. 510.